IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA | DOCKET NO. 3:23cr173-RJC |
| v. | BILL OF INFORMATION |
| ANTONY LINTON STEWART,<br>a/k/a "James Carter,"<br>a/k/a "Robert Morgan,"<br>a/k/a "Big Foot,"<br><br>Defendant | Vio: 18 U.S.C. § 1349 |

**THE UNITED STATES ATTORNEY CHARGES:**

At the specified times and at all relevant times:

<u>Relevant Entities and Individuals</u>

1. Beginning in or about 2010, the exact date being unknown to the Grand Jury, and continuing until at least in or about August 2016, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, ANTONY LINTON STEWART, a/k/a "James Carter," a/k/a "Robert Morgan," a/k/a "Big Foot," together with co-conspirators unindicted herein, and others known and unknown to the Grand Jury, engaged in a fraudulent lottery scheme involving wire communications for the purpose of enriching themselves with funds stolen from victims, many of whom were elderly. STEWART and his co-conspirators falsely informed victims of the scheme that they had

1

won a large amount of money in a lottery and thereby induced the victims to pay fees in advance of receiving their purported lottery winnings. Victims never received any lottery winnings.

2. STEWART was a Jamaican citizen living in Jamaica.

3. Co-conspirator A was a national of The Bahamas and a naturalized United States citizen living in the United States.

4. Co-conspirator B was a national of Jamaica living primarily in the United States. Co-conspirator B became a naturalized United States citizen in or about 2012.

5. Co-conspirator C was a national of Jamaica. Co-conspirator C has lived in the United States since in or about 2012.

## Overview of the Fraudulent Scheme

6. STEWART, together with Co-conspirators A, B, and C, defrauded elderly victims in the United States through a conspiracy involving a fraudulent international lottery telemarketing scheme.

7. STEWART contacted victims and falsely informed them that they had won millions of dollars in a lottery and sometimes a new car. STEWART instructed the victims on how, and to whom, to send money in order to receive their promised prize.

8. STEWART contacted victims repeatedly with additional requests to pay money and were told that their lottery winnings would be forthcoming if they paid the requested money. In particular, STEWART persuaded victims, and caused victims to be persuaded, that they needed to pay bogus fees of several hundred dollars to tens of thousand dollars in order to collect their purported lottery winnings. This process continued for as long as

2

the particular victim could be persuaded to send additional money.

9. STEWART recruited co-conspirators in the United States, including Co-conspirators A, B, and C, to receive victims' money in the United States, to take a percentage of the money sent to them for their own benefit, and then to send and to facilitate sending victims' money to STEWART and others.

## COUNT ONE
## (CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD - 18 U.S.C. § 1349)

10. The allegations in paragraphs 1-9 of this Information are re-alleged and incorporated by reference as if fully set forth herein, as describing the defendant's scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

11. Beginning in or about 2010, the exact date being unknown to the Grand Jury, and continuing until at least in or about August 2016, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

**ANTONY LINTON STEWART,**

a/k/a "James Carter,"

a/k/a "Robert Morgan,"

a/k/a "Big Foot,"

knowingly combined, conspired, confederated, and agreed with Co-conspirators A, B, and C, and others known and unknown to the Grand Jury, to commit the following offenses:

(a) To knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses,

3

representations, and promises, and for the purpose of executing such scheme and artifice and attempting to do so placed and caused to be placed in a post office and authorized depository for mail matter, to be sent and delivered by the Postal Service, and deposited and caused to be deposited matters and things to be delivered by private and commercial interstate carriers, contrary to Title 18, United States Code, Section 1341.

(b) To knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted, by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, specifically Western Union wire-transfers which were all electronically routed to and processed in Charlotte, Mecklenberg County, North Carolina prior to being sent to their ultimate destination, for the purpose of executing such scheme and artifice and attempting to do so, contrary to Title 18, United States Code, Section 1343.

### Purpose of the Conspiracy

12. A purpose of the conspiracy was to enrich STEWART, his co-conspirators, unindicted herein, and others known and unknown to the Grand Jury by fraudulently inducing victims to pay thousands of dollars by falsely representing that the victims had won valuable prizes that would be sent to them only after they made payments to STEWART and his co-conspirators

## Manner and Means Used in the Conspiracy

13. STEWART and his co-conspirators carried out the conspiracy through the following manner and means described in paragraphs 1 through 12 of this Bill of Information, among others.

## Overt Acts

14. In furtherance of the conspiracy, and to accomplish the objects thereof, STEWART and his co-conspirators committed one or more of the overt acts set forth in paragraphs 1 through 12 of this Bill of Information, in the Western District of North Carolina and elsewhere.

All in violation of Title 18, United States Code, Section 1349.

## NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

(a) All property which constitutes or is derived from gross proceeds of the violations set forth in this Bill of Information;

(b) All property used or intended to be used to commit, to facilitate, or to promote the violations;

(c) All property involved in such violations or traceable to property involved in such violations; and

(d) If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a), (b), and (c).

DENA J. KING
UNITED STATES ATTORNEY

AMANDA N. LISKAMM
DIRECTOR
CONSUMER PROTECTION BRANCH
U.S. DEPARTMENT OF JUSTICE

*Raquel Toledo*
RAQUEL TOLEDO
SENIOR TRIAL ATTORNEY
CONSUMER PROTECTION BRANCH
U.S. DEPARTMENT OF JUSTICE

6