FILED
CHARLOTTE, NC

SEP 18 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|

| Name *(under which you were convicted)*: ANTONY LINTON STEWART | Docket or Case No.: DNCW323CR000-173-001 |
|---|---|

| Place of Confinement: FCI FORT DIX P.O. BOX 2000 JOINT BASE MDL NJ 08640 | Prisoner No.: 28899-510 |
|---|---|

UNITED STATES OF AMERICA

v.

Movant *(include name under which convicted)*

ANTONY LINTON STEWART

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

United States District Court Western District of North Carolina (Charlotte)

(b) Criminal docket or case number (if you know): 3:23-cr-00173-RSC-DCK

2. (a) Date of the judgment of conviction (if you know): February 10, 2025

(b) Date of sentencing: January 27, 2025

3. Length of sentence: EIGHTY-FOUR (84) MONTHS

4. Nature of crime (all counts): Conspiracy To Commit Mail And Wire Fraud in violation of 18 U.S.C. § 1349 and 2326 (2)(A) (Count 1), Wire Fraud in violation of 18 U.S.C. § 1343 and 2326 (2)(A) (Count's 2-8), Conspiracy To Commit Money Laundering in violation of 18 U.S.C. § 1956 (h) (Count 9)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐     (2) Guilty ☑     (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

The Movant pleaded guilty to Count 1 above.
All other counts were dismissed on motion of the United States

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

8. Did you appeal from the judgment of conviction? Yes ☐ No ☑

9. If you did appeal, answer the following:
   (a) Name of court: _____
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: _____

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑
   If "Yes," answer the following:
   (1) Docket or case number (if you know): _____
   (2) Result: _____

   (3) Date of result (if you know): _____
   (4) Citation to the case (if you know): _____
   (5) Grounds raised: _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

(4) Nature of the proceeding:

(5) Grounds raised: _____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐    No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐    No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☐    No ☐

(2) Second petition:    Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Attorney S. Frederick Winker, III proved to have provided ineffective assistance of counsel in violation of the Movant's Sixth Amend. Rights as follows:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1)     Trial counsel S. Frederick Winker III, hereinafter referenced to as ("Mr. Winker" or "counsel") either failed or refused to explain the plea negotiation/agreement process to Antony Linton Stewart, his client, the Movant in this Motion, hereinafter referenced to as ("Mr. Stewart," "Movant" or "Defendant.").

Supporting Facts:

    Mr. Winker was appointed to represent the movant, and upon

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

meeting with the movant, counsel introduced himself to the movant and thereafter said, "Mr. Stewart I see that you are faceing some very serious Federal offenses, especially 2 counts of Conspiracy of verious Kinds, and before we move forward have you considered whether or not your going to plead guilty or not, because the plea negotiation process would be more favorable to you if you agree to plead guilty in the early stages".

Movant, with no understanding of the legal process, asked counsel, " Why are you talking about me" pleading guilty when you havn't even asked me if I was guilty"?

Counsel, advised the movant, that he should decide what he wanted to do "soon", while he preposed an agreement to the United States Attorney. Counsel then ended the meeting without adviseing Mr. Stewart of no other options other than pleading guilty. Once counsel met with the movant again, he advise the movant of the Goverments first offer of 80 plus months, which Mr. Stewart rejected, and still, counsel did not explain what the negotiation process was, nor the advantages of pleading guilty in the early stages of the procedings.

Again counsel informed the movant of a second offer from the Government of seventy two (72) months, of which the movant agreed to. Mr. Stewart agreed to plead guilty in exchange for a sentence of (72) months

What counsel did not explain to the movant, was that the Government's offer of (72) months was in fact a behind-the-scene's deal, and would not be made apart of a written plea agreement and that the court would only be presented with the guideline range of 78 to 97 months as stated in the PSR.

Nor did counsel advise the movant that during the process where he would be questioned by the court upon entering his plea of guilty, the court will ask him, if he was made any promisses in exchange for his plea of guilty, and that at that time he should say yes, because of the Government's offer not being apart of the written agreement, but a part of behind-the-scenes negotiation process.

5 (a)

Continue from Pg. 5 (a)

Counsel did not inform the movant that if he did not inform the court of the Governments offer, and his agreement to plead guilty in exchange for the (72) months. and answered the court "No," when asked, he would loose any opportunity to withdraw his guilty plea, or to stop the proceeding for other actions and/or negotiation

HAD COUNSEL, explained to the movant, about the negotiation process and the importence of having binding written agreement which contained the Governments offer/ recommendations/stipulations, then Mr. Stewart would have entered a his guilty plea with the full knowledge and understand of the importence of a detailed negotiation process, one that more likely than not, would have been excepted by the court upon an written agreement.

However, because Counsel did not explain the process nor the importence of having a written agreement containing the Governments (72) month offer, Mr. Stewart was not provided with effective assistence consistant with the Sixth amendment, and thereby causing the movant to enter an unknowing or voluntary intelligent guilty plea.

THE MOVANT, WOULD NOT HAVE PLEADED GUILTY, had he been told that the behind-the-scenes offer of (72) month's would not be an issue before the court, because of the above, nor would he has answered the court "No" when asked if he had been made any promisses. He would have instead exercised his constitutional right to be tried

COUNSEL PRESUDICED, the movants rights to have a full and fair plea negotiation process and his right to the entery of an knowing and voluntary plea. Counsel's actions and inactions forclosed the movant's opportunity to withdraw his guilty plea at any stage during the proceeding, where he would

Continue from P.g. 5 (b)

not have agreed to plead guilty, had he known that the plea negotiation process was not full and/or fair.

continue from Pg. 5 (c)

(2)      Trial Counsel either failed and/or refused to;

(a) advise the movant of any rights that he might have had to withdraw his guilty plea

(b) failed to move the court to have his guilty plea withdrawn

(c) failed to insure that the issue regarding the agreed upon (72) month's was preserved for appeal

Supporting Facts:

Mr. Winker, while knowing full well that the movant only agreed to plead guilty because both parties agreed that he would receive (72) month's in exchange for his guilty plea, did nothing to protect the movant's right to defend against any other sentence imposed upon his plea of guilty as claimed above.

COUNSEL PRESUDICED, the movant's ability to know that he could withdraw his guilty plea, have counsel move to withdraw his guilty plea, and to appeal the issue upon an objection to any denial of the issue.

Mr. Winker did not advise the movant on the correct way to respond to the court, when asked, if any promises were made in exchange for his guilty plea, under the circumstances of the side-deal offer of (72) months.

HAD COUNSEL acted reasonably, the result of the plea and penalty phases would have been different and/or any judgement not in Mr. Stewarts favor could have been argued and preserved for appeal. Counsel, should have raised the issue regarding the (72) month's that the movant agreed to in exchange for his guilty plea. And

continue from Pg. 5 (d)

that the movant wanted to withdraw his guilty plea as he advised
counsel that, that's what he wanted to do. If counsel had acted
upon the movant's request while knowing that he did not get
what was promissed, there is a reasonable probability that the
court would have acted differently than sentencing him to (84)
months and/or allowing the guilty plea to stand, furthermore he
may have prevailed on appeal and at the least resentenced to
what the Government offered, (72) months.

    As a fact counsel did not object to the 84 month sentence,
while knowing full well that that an agreement was made for (72)
months prior to the movants plea of guilty, and therefore no
issue was preserved.

Continue from Pg. 5(e)

(3)      Counsel either failed and/or refused to explain to the movant that if he was sentenced to more than (72) months as agreed upon or the does not except the Government's recommendation, he will still be bound by the plea and would have no right to withdraw it.

Supporting Facts:

At no time did counsel explained the above to the movant, prior to, during nor after he excepted the Governments offer of (72) months, nor did counsel explain the same to him prior to pleading guilt, before he was sentence, nor thereafter. Each of the stages above were critical to the movant, where he could have made choices to act to protect his rights to a full and fair judicial proceeding as constitutionally mandated. However counsel's defect in explaining to him the importance of knowing what he was binding him self to by pleading guilty and the possibility that he would not get what they all agreed to would not change the entry of the guilty plea.

No notice was given to the movant of any limited rights that he had to withdraw his guilty plea once excepted by the court.

THE MOVANT WAS PRESUDIST, by counsel's defective representation and lack of providing critical information as stated above

HAD COUNSEL ACTED REASONABLY, the movant would not have pleaded guilty, not at all, or not without a more detailed agreement; which showed that he would not be bound by his guilty plea if what was agreed upon and/or recommended by the Government not granted.

THE PROCEEDINGS WOULD HAVE BEE DIFFERENT, where the movant would not have pleaded guilty.

5 (f)

Continue from P.g. 5 (f)

(4)     The movant was coerced into pleading guilty by a promis of (72) month as agreed upon by the parties, and counsel maintained such thrught the proceedings.

Supporting Facts:

To be clear, the Movant was not given an opportunity to consider being subjected to the sentencing guideline ranges by counsel, he was advised by counsel that he would negotiate a plea deal, without giving notice of a guideline range, because the PSR has not been prepaired, prior to negotiating the agreement for 72 months. At no time was the movant dissatisfied with the plea based upon the guideline range. He was led to believe that he would only receive (72) months without being told that he would be subjected to the sentencing guidelines, prior to agreeing to plead guilty

THE MOVANT WAS PREJUDICES, by counsel's lack of adviseing him about being subjected to [a] sentencing guideline range, prior to coercing him into agreeing to plead guilty in exchange for (72) months.
HAD HE KNOWN, that there was a sentencing guideline range, [[a]nd] one that he would be subjected to he would not have agreed to plead guilty, he would have either pleaded not guilty or sought to more better protect any rights that he had to receive a lesser sentence or the (72) months agreed upon.
BECAUSE OF THE MOVANT'S DEFECTIVE, representation, and assistence he received a hansher sentence, with no objections, and had he not been coerced, there is a reasonable probability that the Movant would not have pleaded guilty, and/or he would have received the (72) months agreed upon, which would have amounted to a more lenient sentence, but for counsel's error.

Continue from Pa. 5 (g)

       Had counsel's performance met the standards of
the Sixth Amendment, as a reasonable competent attorney
it is more likely than not, that the movant would not
have acted upon coersion, but upon full knowledge of the
guidelines and being subjected to such, regardless of what
was agreed upon, this would have provided the movant
with an opportunity to argue for the (72) months as a
below the guideline sentence of which the court would have
agreed upon, given that an agreement was made while the
movant was fully aware of the guideline ranges when he
agreed to plead guilty, (which was prior to the PSR, being
drafted).

(5)      Counsel either failed and/or refused to insure that the Movant's guilty plea colloquy responses where, knowingly, intelligent, and voluntarily made

Supporting Facts:

Counsel negotiated a plea agreement/deal with the Government, for (72) months in exchange for the movant's plea of guilty and to stipulate to the facts as offered by the Government. Counsel did not advise the Movant on how to respond to the court given the fact that the agreement between the parties for (72) months was not apart of the written plea agreement. Counsel did not explain to the Movant that when asked by the court, whether he thoroughly discussed pleading guilty with his attorney, had enough time to discuss it with his attorney and "was fully satisfied with his attorney," he could have responded by adviseing the court that at this point in the proceedings he did not want to say that he was ("satisfied with his attorney"), because it might foreclose any rights that he might have to challenge counsel's performance at the conclusion of the case. Counsel knew full well that the Movant's agreement for (72) month's was at best a recommendation and not apart of the record as a written agreement, and that the Movant would want to complain and raise an issue regarding his representation on the matter, where the Movant believed that his attorney would insure that he received what was agreed on.

The Movant was in fact and at law not pleading guilty of his own free will, but that of his attorney's upon the presumption that he would receive (72) months. The movant was improperly place, "unknowingly" in a position of a belief that the plea colloquy was not informative in means-that as that

5 (i)

Continue from P.g. 5(i)

COUNSEL PRESUDICE, the movants rights to the entry of a knowing and intelligent guilty plea, which would preserve his right to challenge his satisfaction with counsels full representation. Had counsel properly advised the movant, that the plea colloquy was not just a formality, but in fact his opportunity to agree to what he felt [f]ree to agree to, and to inform the court of any doubts or question he may have regarding any post-plea effects regarding counsels representation "[o]verall," the movant would have advised the court, that he was not yet satisfied with his lawyer, because he had yet to be sentenced to the (12) months in exchange for his guilty plea.

The Movant would not have pleaded guilty, without insuring that the court was awhere of the reason he was pleading guilty (the 12 month offer), and that he would not be satisfied with his attorney if he did not receive such.

Continue from Pg. 5 (G)

(6)    Counsel either failed and/or refused to discuss any appealable issues with the movant and abandond him without moveing the court in accerdence with ANDERS v. CALIFORNIA, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967. to withdraw

Supporting Facts:

While counsel knew that the movant was not satisfied with the sentence imposed, nor counsel's representation, counsel did not follow the movant's request to file a notice of appeal. Counsel did not discuss the possibility of an appeal, nor did he move the court to withdraw from the case. Counsel simply abandond the movant without following the movants expressed instructions to file an appeal, challenging the sentence imposed and his own performance, as state in claims 1 through 5.

COUNSEL PRESUDICED, the movants right to appeal where he unequivocally instructed counsel not only to appeal the sentence, but also counsels ineffective assistance/performance. had counsel provided effective assistance, an appeal would have fallowed as he had a right to such, counsel refused to consult with the movant regarding an appeal, as he had a duty to consult.

continue from P.g. 5 (k)

(7)     Counsel's multiple errors in his performence
        as stated above which are know to the movant,
        as well as those that might be noticed by
        the Court, under the movants circumstances
        violated the movants Sixth Amendment rights
        to effective assistence of Counsel at verious
        stages in his representation.

Supporting Facts:

        The movant has argued 6 reasons why he received
constitutionally ineffective assistence of counsel, which
combined prejudiced his right to a full and fair prosecution.
Counsel made errors so serious that he was not functioning
as Counsel guaranteed.... by the Sixth amendment.
        Based upon the 6 claims clearly consels representation
prejudiced the movant and amounted to a conflict, where
the results would have been different absent the errors
which were not case by any strategy or tactical decision,
but were based upon a lack of sound reasonable professional
assistance, absent the errors there is a reasonable
probability, but for counsels unprofessional errors the
results of the proceedings would have been different, the
movant would not have received 82 month of imprisonment

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND TWO:   Prosecutorial Misconduct, Failing to insure that the agreed upon a (72) month sentence was made apart of the Written Plea Agreement

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Prior to pleading guilty the Movant was advised that the Government agreed to a sentence of (72) months in exchange for the movants plea of guilty and stipulation of facts. The Government did not make the agreement apart of the Written agreement, and did not prepose the sentence to the movant as something he would recommend at sentencing, but presented such as the actual sentence that he would receive. The movant received (82) month and the Government, at sentencing recommended, what should have been agreed upon in the Written agreement, (72) months as promised, agreed upon and in exchange for the movants plea of guilty.

(b)  Direct Appeal of Ground Two:

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

_____

**(c) Post-Conviction Proceedings:** _____

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐    No ☑

   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

   (3) Did you receive a hearing on your motion, petition, or application? _____

      Yes ☐    No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

**GROUND FOUR:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐        No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

_____

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐        No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

> The movant has not raised any of the grounds raised in this motion in any other proceeding.
> The movants attorney either failed and/or refused to file an appeal, nor would councel acknowledge his own deficies perfecting an appeal.

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

*No preliminary hearing*

(b) At the arraignment and plea: *Winter Law Firm, PLLC, 352 North Caswell Road*
*S. Federick Winter III, Charlotte, North Carolina, 28204*

(c) At the trial:

*No trial*

(d) At sentencing:

*Same As above*

(e) On appeal:

*None*

(f) In any post-conviction proceeding:

*None*

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The Movant was sentenced February 10, 2025, the date that the sentence was imposed was 1-27-2025. The movant has one year from February 10, 2025 to file his §2255 motion to vacate, and he has submitted such within the year of February 10, 2026. Therefore this motion is timely submitted.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)  the date on which the judgment of conviction became final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: *(1) Find that he received ineffective assistance of counsel in violation of the sixth amendment, (2) Find that he is entitled to counsel and a direct appeal, and a hearing prior to any order denieing relief,* or any other relief to which movant may be entitled.

_____ *Pro Se*
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on *Sept. 11, 2025* .
(month, date, year)

Executed (signed) on *Sept. 11, 2025* (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.